Othello Redd
2372 NW Schmidt Way
Apt 121
Beaverton, Oregon 97006
*Pro Se Plaintiff*



IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Othello Redd, an individual<br>Plaintiff,<br><br>v.<br><br>Knox Company,<br><br>Defendant. | Case No.: CV-21-2155-PHX-CDB<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

For his Complaint against The Knox Company ("Knox," or the "Company"), Plaintiff Othello Redd ("Plaintiff" or "Mr. Redd") alleges as follows:

### Background Allegations and Jurisdiction

1. Plaintiff Othello Redd was an individual residing in Maricopa County, Arizona.

2. Defendant Knox conducts business in Maricopa County, Arizona.

3. The acts and omissions forming the basis of this Complaint occurred in Maricopa County, Arizona.

4. Plaintiff was hired by Nesco Staffing Agency and assigned to Knox Company as Electronic Manufacturing Associate II, from July 16, 2019, through November 26, 2019. He was officially employed with the Company on November 27, 2019.

1

5. Upon information and belief, at all times relevant to this Complaint, the Company had more than 200 employees.

6. The Company is not exempt from Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

7. Plaintiff filed a Charge of Discrimination and Retaliation against the Company with the Equal Employment Opportunity Commission ("EEOC") and the Arizona Civil Rights Division on or around August 31, 2020 alleging race discrimination and retaliation.

8. On or around September 30, 2021, the EEOC issued Plaintiff his Notice of Right to Sue.

9. This Complaint has been filed within 90 days of receipt of authorization to bring civil action.

10. Jurisdiction and venue are appropriate in this Court.

## FACTUAL ALLEGATIONS

11. Plaintiff began working for the Company as an Electronic Technician II which required him to report to the Electronic Manufacturing Supervisor, Omar Shamsiddeen as his direct supervisor.

12. During the first year of his employment, Plaintiff performed satisfactorily and based upon that, the Company management awarded him with the President's Outstanding Performance accolade and a cash price of $1,000.00, appreciating his value of work.

13. On February 5, 2020, Collette Engle was promoted to a Lead Electronic Manufacturing Associate position.

14. Ms. Engle is not Black.

15. After Ms. Engle's promotion as assistant to Supervisor Omar Shamsiddeen, she started to treat Mr. Redd differently and the attitudes exhibited was believed to have been threatening to his employment Such as shifting blame of poor

production works of other employees on him and making up stories that he was not following the production procedures of the Company.

16. From the beginning of their working relationship, Ms. Engle routinely reassigned Mr. Redd to less desirable and physically challenging work assignments.

17. Ms. Engle frequently removed Mr. Redd from training that he was undergoing with Stephanie Brotherton which he was assigned to by his supervisor and reassigned to perform physically challenging work assignments and operating machines in Mechanical department that he knew nothing about or employed to operate.

18. These assignments prevented Plaintiff from receiving proper training while his co-workers received this training. I was originally assigned to the Clean Room producing elements for the E-Locks but after management decided to closed the Clean Room due to the Corona Virus and practicing of social distancing, Plaintiff was assigned to Stephanie on Key Secure Line 5 and 6 to learn and be a part of their team's production.

19. Ms. Engle continued to demonstrate aggressive and condescending treatment toward Mr. Redd.

20. Plaintiff observed that non-Black co-workers were treated with dignity and respect, while Mr. Redd continued to be mistreated.

21. On July 15, 2020, Plaintiff lodged a harassment and intimidation complaint melted out against him by Ms. Engle with his direct supervisor, Omar Shamsiddeen. After that, Plaintiff worked his regular shift, signed off duty at 2:30 pm and went home. Plaintiff's internal complaint alleged violations of Company policy and Title VII.

22. Plaintiff's internal complaint alleged violations of Company policy and Title VII. He decided to take advantage of the channel specified in the Company Employees Handbook by first complaining the continuous harassment and intimidation of Ms. Engle to their Line Supervisor.

23. On the same day of July 15, 2020, while Plaintiff was off duty and had gone home to his family, the Company Human Resources Representative – Melina Gutierrez made a telephone called at 5:55 pm to informed him that Knox Company

management had taken a decision to suspend him for two days with paid on allegations made against him by some fellow co-workers. Plaintiff was further advised to not go to work or around the premises of the company until investigation was conducted

24. Plaintiff asked HR Melina to inform him on what was the complaints, who were the complainants and what they said happened. She refused to tell him but promised to open an investigation file the following day, July 16, 2020, and said she will contact him by phone to hear his side of the story and to get the final decision of management.

25. When HR Melina called on July 16, 2019; Plaintiff requested to record the conversation since he was not in the present of HR Melina because he felt that the conversation was to do with his job and character. She then refused, became hostile and postponed the conversation to the following day, July 17, 2020, at 10:0'clock am.

26. The Company Human Resources Representative – Melina Gutierrez did not call as was planned. The Plaintiff being curious to know exactly what was going on and being confused of this situation, he made several calls to the HR, Knox Call Center and the Company President but was not fortunate to hear from the HR or report of the investigation.

27. At or around 1:45 pm; the HR called Plaintiff to go to the office at 3:30 pm to have a meeting with him regarding the suspension.

28. HR Melina insisted that if Plaintiff do not leave the appointment and go to see her, she will take a decision. was attending a medical checkup until he received an email with a letter Separating his employment with the company.

29. Plaintiff (who is a diabetic which company is also aware of) informed HR Melina that he was currently with his doctor attending to routine checkup and appealed for HR Melina to kindly extend the time to 5:0'clock pm or she bear until Monday, July 20, 2020, when he will come to the office.

30. Upon information and belief, the Company did not investigate Plaintiff's complaint.

31. Plaintiff had no record of warnings, investigated for any act of wrong doings or written off for poor performance. Rather, just two days after he engaged in protected activity, on or about July 17, 2020, he was termination while under suspension.

32. The Company terminated Plaintiff because of his race (Black) and because he brought an internal complaint.

## LEGAL CLAIMS
### Race Discrimination and Retaliation (Title VII)

33. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-21 as if fully set forth herein.

34. The Company was Plaintiff's employer pursuant to 42 U.S.C. § 2000e(b).

35. Plaintiff was the Company's employee pursuant to 42 U.S.C. § 2000e(f).

36. Plaintiff is in a protected category.

37. Plaintiff was treated differently by the Company's manager because of his race.

38. Plaintiff reported the discrimination pursuant to Company policy.

39. Two days after reporting the discrimination, the Company terminated Plaintiff.

40. Plaintiff was terminated because of his race and engaging in protected activity.

41. Plaintiff has suffered lost wages, and is entitled to compensatory damages.

42. Plaintiff suffered from emotional distress and is entitled to punitive damages.

### Conclusion

THEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment in his favor against Defendant;

B. Pre- and post-judgment interest on award; and

C. Reasonable attorneys' fees and costs.

D. All other appropriate equitable relief.

DATED this ____ day of _____, 2021.

/s/ *[signature]*
Othello Redd
2372 NW Schmidt Way
Apt 121
Beaverton, Oregon 97006
*Pro Se Plaintiff*

EEOC Form 161 (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Othello Redd<br>2372 NW Schmidt Way Apt 121<br>Beaverton, OR 97006 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 35A-2020-00613 | **Robin Campbell,**<br>State, Local & Tribal Program Manager | (602) 661-0041 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes determination about whether further investigation would establish violations of the statute. This does not mean the cla have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EE makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send y You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 year before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*            September 30, 2021

Enclosures(s)        **Elizabeth Cadle,**<br>**District Director**        *(Date Issued)*

cc:
**HR Director**
**The Knox Company**
**1601 W Deer Valley Rd**
**Phoenix, AZ 85027**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*